UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FLORIS JOHNSON,**

   **Plaintiff,**

v.              Case No: 6:24-cv-1252-PGB-EJK

**SPARTON DELEON SPRINGS, LLC,**

   **Defendant.**
_____/

## ORDER

This cause comes before the Court upon Plaintiff Floris Johnson's ("**Plaintiff**") Renewed Motion to Set Aside Dismissal (Doc. 19 (the "**Motion**")).[1] The Court does not deem a response from Defendant Sparton Deleon Springs, LLC ("**Defendant**") necessary as Defendant has yet to appear in the case.[2] Upon consideration, the Motion is due to be granted.

**I.**   **BACKGROUND**

---

[1] On August 21, 2024, Plaintiff filed an initial Motion to Set Aside Dismissal, which the Court struck for failure to comply with Local Rules 3.01(a) and 1.01(d)(10). (Docs. 13, 14).

[2] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

Plaintiff initiated this action on July 11, 2024. (Doc. 1). On the same day, the Court issued an initial Order regarding case management and deadlines. (Doc. 6 (the "**Initial Order**")). Therein, the Court directed Plaintiff to file a Certificate of Interested Persons and Corporate Disclosure Statement "within fourteen (14) days from the day of [the Initial] Order." (*Id.* at pp. 1–2). On July 16, 2024, Plaintiff filed an improper Corporate Disclosure Statement. (Doc. 9). Consequently, the Court struck Plaintiff's filing and directed Plaintiff to refile a proper Corporate Disclosure Statement within seven days. (Doc. 10 (the "**Order**")). The Court advised Plaintiff that failure to comply with the Order may result in dismissal of the case without further notice. (*Id.*). Plaintiff failed to comply with the Order, and the Court dismissed the case without prejudice on July 26, 2024. (Doc. 11 (the "**Dismissal Order**")). Now, almost three months later, Plaintiff moves to set aside the Dismissal Order pursuant to Federal Rule of Civil Procedure 60. (Doc. 19).

II.   **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from an order or judgment on various grounds. FED. R. CIV. P. 60(b).[3] Of particular importance here, Rule 60(b)(1) provides that courts may afford relief for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Specifically, the Supreme Court has determined that excusable neglect "encompass[es]

---

[3]   The following circumstances raise possible grounds for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged." FED. R. CIV. P. 60(b)(1)–(5).

situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993); *see United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012).

The determination of whether the failure to comply with a filing deadline constitutes excusable neglect "is at bottom an equitable one, taking [into] account [] relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Courts weigh the following pertinent factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 392–93, 395.

### III. DISCUSSION

Pursuant to Rule 60(b)(1), Plaintiff's lead counsel ("**counsel**") requests that the Court vacate the Dismissal Order and reopen the file. (Doc. 19). Counsel argues that his failure to comply with the Order is attributable to excusable neglect. (Doc. 19, p. 5). Specifically, counsel explains that shortly prior to the Order, counsel's office underwent a change in staff. (*Id.* at p. 2). Due to "inadvertent error, [counsel's] newly hired office staff did not update the appropriate electronic mail notifications in the CM/ECF system." (*Id.*). Counsel thus argues that he was unable to act in a timely manner. (*Id.*).

In weighing the *Pioneer* factors here, the Court finds that counsel's conduct is attributable to "excusable neglect." *Pioneer*, 507 U.S. at 392–93, 395.

3

Specifically, the first and second factors weigh in favor of counsel. *See Cheney v. Anchor Glass Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (explaining that in *Pioneer*, the Supreme Court "accorded primary importance" to the first and second factors). First, counsel's neglect presents no danger of prejudice to Defendant as Defendant has yet to appear in this case. Second, the length of the delay resulting from counsel's neglect and its potential impact on judicial proceedings is minimal as this case is in its early stages.

As to the third factor, counsel's proposed reason for the delay was that his office staff failed to update his CM/ECF e-mail notifications, which interfered with counsel's receipt of the Court's Orders. (Doc. 19, p. 2). The Court, however, notes that this reason for the delay was within counsel's control. (*Id.*). As defined in the Local Rules, "'Lead counsel' means the lawyer responsible to the court and the other parties for the conduct of the action." Local Rules 1.01(d)(9). It is counsel—not his office staff—that is responsible to the Court. Thus, the Court does not appreciate counsel blaming his neglect on his office staff. Nonetheless, while "[t]he circumstances of the error were obviously within counsel's control," the error "amounts only to an 'omission[] caused by carelessness.'" *See Cheney*, 71 F.3d at 850. Further, as to the fourth factor, the Court does not find any indication of bad faith here. Notably, counsel has corrected his error by updating the e-mail accounts set to receive CM/ECF notifications.

Ultimately, the lack of prejudice to Defendant and the lack of potential impact on the proceedings, combined with counsel's good faith, weigh strongly in

4

favor of the determination that the neglect here is excusable. Accordingly, Plaintiff's Motion is granted. (Doc. 19).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Plaintiff's Renewed Motion to Set Aside Dismissal (Doc. 19) is **GRANTED**. The Clerk of Court is **DIRECTED** to vacate the Court's Order dismissing the case without prejudice (Doc. 11) and thereafter reopen the file. Any further noncompliance with the Court's Orders by Plaintiff shall result in dismissal of the case or other appropriate sanctions.

**DONE AND ORDERED** in Orlando, Florida on October 25, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties